Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4480 | **DATE** | August 3, 2010 |
| **CASE TITLE** | Hambi Cetewayo (#R-31699) vs. Simone Thornton, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Pontiac Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

O [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials, violated the plaintiff's constitutional rights by denying him due process in prison disciplinary proceedings.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $7.73 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable federal civil rights claim as a matter of law.

The plaintiff may not challenge disciplinary proceedings by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgments in prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 644-45 (1997). Until the sentence has been invalidated, the cause of action for damages "does not accrue." *Heck*, 512 U.S. at 490. The plaintiff's claims that the charges were false and that there was no "reliable evidence" in the hearing record would necessarily call into question the validity of the disciplinary sanctions. *Lusz v. Scott*, 126 F.3d 1018, 1023 (7th Cir. 1997).

The plaintiff must file a petition for a writ of habeas corpus if he wishes to have good conduct credits restored. *See, e.g., Hanson v. Heckel*, 791 F.2d 93 (7th Cir. 1986) (per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A prisoner claiming that he is entitled to an immediate or more speedy release from his incarceration must seek federal court relief by way of a petition for a writ of habeas corpus. *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996).

The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Before deciding whether to pursue habeas relief, the plaintiff is cautioned to conduct some preliminary research, particularly concerning the requirement that a petitioner completely exhaust state court remedies prior to seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Greene v. Meese*, 876 F.2d 639, 640 (7th Cir. 1989).

The plaintiff's mention of the legal buzzword "retaliation" is insufficient to save the complaint. It is well established that "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). However, in order to prevail on a retaliation claim, a plaintiff must demonstrate that a defendant retaliated against him for engaging in constitutionally protected conduct. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). In the case at bar, the plaintiff alleges merely that the officer "wrote the false report in retaliation to a dispute we had." (Complaint. p. 5.) Nothing in the complaint suggests First Amendment retaliation.
**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

      Nor does the plaintiff have any federal cause of action against the officials who reviewed his grievance. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* The defendants' failure to rule favorably on the plaintiff's prison grievance is therefore not actionable under Section 1983.

      For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Dismissal is without prejudice to pursuing any relief that may be available by way of habeas corpus. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."